UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE PACHECO, 03-A-4973,
      Plaintiff,

   -v-

ZURLO, Acting Deputy Superintendent for Programs; LESTER WRIGHT, Chief Medical Officer, New York State Department of Correctional Services,
      Defendants.

COMPLAINT UNDER 42 U.S.C. § 1983

CASE NO: 9:09-cv-1330

**JURY DEMAND**



---

STATE OF NEW YORK)
      ) SS
COUNTY OF CLINTON)

STATEMENT OF JURISDICTION:

This is a civil action seeking relief to defend the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

  **PLEASE TAKE NOTICE,** that the defendants are being sued in their individual and official capacities.

  **PLEASE TAKE FURTHER NOTICE,** that the defendants were, at the time and place of the constitutional violations and deprivations, acting under the color of law.

**PLAINTIFF'S INFORMATION:**

Andre Pacheco, 03-A-4973

Altona Correctional Facility

555 Devils Den Road

Altona, New York 12910.

**DEFENDANT'S INFORMATION:**

John Zorlo, Acting Deputy Superintendent for Programs

Altona Correctional Facility

555 Devils Den Road

Altona, New York 12910;

Lester Wright, Chief Medical Officer

New York State Department of Correctional Services

State Campus, Building #2

Albany, New York 12226-2050.

**COUNT ONE:**

Defendant John Zorlo, Acting Deputy Superintendent for Programs at Altona Correctional Facility, New York State Department of Correctional Services, did violate The Americans with Disabilities Act, Title II (Subtitle A); The New York State Department of Correctional Services, Directive 2514 when defendant Zurlo failed to initiate the relief requested for reasonable accommodations to the plaintiff once the request form was approved by the facility doctor and approved by defendant Zurlo himself.

Pursuant to New York State Department of Correctional Services, Directive 2614, defendant Zurlo was to arrange immediate transfer of plaintiff to a facility which has no stairs which are a bar to plaintiff from attending programs at the Altona Correctional Facility.

Pursuant to New York State Department of Correctional Services, Directive 2614, defendant Zurlo acted outside of his legal authority by referring the approved reasonable accommodations request to the New York State Americans with Disabilities Act Coordinator, New York State Department of Correctional Services, Central Office, in violation of Directive 2614, Section V.

On information and belief, defendant Zurlo was acting on direct orders of defendant Lester Wright, Chief Medical Officer, New York State Department of Correctional Services.

**COUNT TWO:**

The actions of defendants John Zurlo and Lester Wright have caused plaintiff to suffer increased pain and suffering by imposing significant hardships on plaintiff

2

in regards to pending legal action in the United States District Court, Northern District of New York by barring plaintiff access to attend the facility law library to do the necessary research and adequately respond to moving papers.

There is no process in place at the Altona Correctional Facility whereby plaintiff may obtain the required research materials and assistance of a trained legal clerk.

Plaintiff is in danger of having a civil complaint dismissed due to these defendant's actions. Upon information and belief, these defendants are acting with deliberate indifference to plaintiff's right to access the courts due to the pending litigation.

**FACTS:**

Plaintiff submitted a request for reasonable accommodations pursuant to the Americans with Disabilities Act, Title II (subtitle A) for a transfer to a facility which would not require plaintiff to climb stairs to attend programs. At the Altona Correctional Facility every program requires stairs.

Plaintiff suffers from HIV and the side-effect of neuropathy. Plaintiff's medical condition is deteriorating to the degree that a specialist plaintiff has been sent to by the Altona Correctional Facility doctor recommended that plaintiff be issued a wheelchair.

Defendants have neither supplied plaintiff with a wheelchair nor transferred plaintiff to a facility with no stairs.

Defendant Zurlo forwarded plaintiff's request for reasonable accommodations to the facility health services unit for approval upon verification of plaintiff's condition.

Facility doctor, Doctor Qudsi, approved the accommodations and recommended the transfer to a facility without stairs.

Defendant Zurlo approved the request and signed the Americans with Disabilities Act request form.

3

Pursuant to Directive 2614 of the New York State Department of Correctional Services, Section V, once the facility doctor verifies the medical condition and approves the request, the facility doctor is to forward the request back to the facility deputy superintendent for programs to be approved, modified, or denied. Defendant Zurlo received the doctor's approval and recommendation, signed the form and marked the approved box. Once defendant Zurlo approved the reasonable accommodation request, plaintiff was to be given the requested relief.

Directive 2614, Section V states in relevant part: "The ADA Coordinator or designee shall have the authority to initiate a review of any **denied** or **modified** requests for accommodations, or any denied grievance."

Plaintiff submitted a grievance once the defendants made clear of their intent to ignore the entire matter. Defendant Zurlo stated that "Albany" is reviewing the matter. Upon information and belief, "Albany" is defendant Wright.

As a result, plaintiff is suffering from his medical condition.

The defendants are in violation of clearly established federal law by their intentional refusal to obey the Americans with Disabilities Act, Title II (subtitle A), as well as their own directive, Directive 2614.

The actions of defendants is causing pain and suffering to plaintiff on a daily basis.

Plaintiff in the above-captioned civil action demands a jury trial and declares under penalties of perjury that the complaint is true and correct to the best of plaintiff's knowledge unless stated as based on information and belief, which plaintiff believes to be true; that the instant action is not intended to annoy, harass or embarrass the defendants in any way.

Plaintiff attaches copies of the inmate grievance and appeals as proof of administrative exhaustion of remedies.

Plaintiff attaches a copy of the approved Americans with Disabilities Act Reasonable Accommodations Form, Title II (subtitle A).

**PLEASE TAKE NOTICE,** that plaintiff seeks damages in the amount of Five Million (5,000,000) Dollars for violations of plaintiff's federally protected rights, pain and suffering, and emotional stress and trauma.

EXEVCUTED ON: 11-5-09
       Altona, New York

                              Respectfully submitted,

                              Pacheco, Andre
                              Andre Pacheco, 03-A-4973
                              Altona Correctional Facility
                              555 Devils Den Road
                              Altona, New York 12910

# STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
## ALTONA CORRECTIONAL FACILITY
### Health Services

**Medical Restriction**

| Inmate Name: Pacheco, A | DIN: 03A4973 | Dorm Location: C13B |
|---|---|---|
| Start Date: 8/24/09 | Expiration Date: 9/24/0? | Provider: (Print) [signature] |

- ☐ ~~Bedrest, Cube Confined~~
- ☒ Excused from Academic School
- ☒ Excused from Yard/Gym/Recreation
- ☐ ~~Bedrest, Housing Unit Confined~~
- ☒ Excused from Vocational School
- ☒ Other: No work, no stairs. Cont c̄ Cane

I have reviewed the above document and will comply with these restrictions.

_[signature] Pacheco, A_    8-24-09        _[signature]_    8/24/0?
Inmate Signature            Date           Issued by: Signature    Date

Check applicable boxes, line through those that do not apply.
Original – Health Records, Yellow – Dorm Officer, Pink – Program Committee, Green – Inmate

# STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
## ALTONA CORRECTIONAL FACILITY
### Health Services

**Medical Restriction**

| Inmate Name: PACHECO | DIN: 03A4973 | Dorm Location: C-13B |
|---|---|---|
| Start Date: 5/29/09 | Expiration Date: 8/29/09 | Provider (Print): L Chan |

- ~~Bedrest, Cube Confined~~
- ~~Bedrest, Housing Unit Confined~~
- ☒ Excused from Academic School
- ☒ Excused from Vocational School
- ☒ Excused from Yard/Gym/Recreation
- ☒ Other: No walk, no stairs, cart, cane

I have reviewed the above document and will comply with these restrictions.

Pacheco Andr.    5/29/09           [signature]    5/29/09
Inmate Signature    Date    Issued by: Signature    Date

Check applicable boxes, line through those that do not apply.
Original - Health Records, Yellow - Dorm Officer, Pink - Program Committee, Green - Inmate

# ALTONA CORRECTIONAL FACILITY
## HEALTH SERVICES

**TO:** PACHECO, ANDRE  03A4973  C13B

**FROM:** DAVID L. CLARK, RN, NA1 – NURSE ADMINISTRATOR

**SUBJECT:** YOUR NOTE 09/22/09 RE: FLAT FACILITY

**DATE:** SEPTEMBER 22, 2009

I have reviewed your medical records and computer file related to your issue concerning a flat facility. The medical evaluation of your request for reasonable accommodation was completed on August 4, 2009. At that time, your request was forwarded to Mr. Zurlo in Programs. Medical has nothing to do with your request at this point. I suggest that you contact Programs for updates,

DAVID L. CLARK, RN, NA1
Nurse Administrator

# ALTONA CORRECTIONAL FACILITY
## HEALTH SERVICES

**TO:** PACHECO, ANDRE  03A4973 C13B

**FROM:** DAVID L. CLARK, RN, NA1 – NURSE ADMINISTRATOR

**SUBJECT:** MEDICAL RECORDS COPIES

**DATE:** AUGUST 6, 2009

I have reviewed your medical records and computer file related to your issue concerning wanting copies of sections of your medical records. I have enclosed the copies.

Additionally, we have started the paperwork for your request for reasonable accommodation. You should have something back soon.

DAVID L. CLARK, RN, NA1
Nurse Administrator

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES

ALTONA CORRECTIONAL FACILITY

MEMORANDUM

TO:       A. Pacheco, 03A4973
FROM:     G. Stanley, IGP Supv.
DATE:     October 19, 2009
SUBJECT:  Reasonable Accommodation Request

Please be advised that a determination has already been made on your initial request. And you checked that you agreed with the determination. Your grievance is still pending a hearing. Submitting another accommodation request is not going to change the determination. I would advise that you go through the Grievance Procedure to challenge the modification of your request, before you submit another request.

G. Stanley, IGP Supv.

The Director of Guidance and Counseling will, after review, make the appropriate recommendation to the appropriate Assistant Commissioner for Program Services. After ensuring all local attempts to program have been exhausted and there are no local alternatives available to program the disabled inmate, the Assistant Commissioner will then notify the requesting Deputy Superintendent for Program Services by e-mail of the approval to submit an Unscheduled Transfer Review (UTR) for the specific facility that can provide the appropriate accommodations allowing access to the programs, services or activities.

Any further guidance or questions should be directed to the ADA Coordinator in Central Office (518-485-5806).

4. The inmate shall be informed in writing of the determination via a completed request form. This form advises the inmate of his or her right to grieve the decision in accordance with the guidelines established in Directive 4040, Inmate Grievance Program. The response form also records whether the inmate is satisfied with the determination. A copy of the completed request for accommodation shall be forwarded to the ADA Coordinator, Office of Diversity Management, in Central Office.

B. Record Keeping:

1. A copy of all requests for accommodations and determinations shall be maintained in the guidance folder, medical and parole files.

2. Inmate Grievance Program files concerning reasonable accommodations shall be kept in the facility grievance office for at least three years following dates of final disposition.

V. **GRIEVANCE PROCEDURE**. Any inmate who disagrees with a decision on his or her request for a reasonable accommodation or who feels he/she has been discriminated against based on a disability can submit complaints pursuant to Directive 4040, Inmate Grievance Program. The facility shall send all decisions rendered by the Superintendent or designee on reasonable accommodation or disability discrimination grievances to the ADA Coordinator in Central Office. The ADA Coordinator or designee shall have the authority to initiate a review of any denied or modified requests for accommodations, or any denied grievance.

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES

ALTONA CORRECTIONAL FACILITY

MEMORANDUM

TO: A. PACHECO, 03A4973
FROM: G. Stanley, IGP Supv.
DATE: 10/19/09
SUBJECT: Attendance at an IGRC Hearing/Medical Restriction (No Stairs)

Since you are medically unable to attend your grievance hearing(s), you need to advise the IGRC of how you wish to proceed. Please check the appropriate option and return to the Inmate Grievance Office within two (2) working days.

( ) Please hold my IGRC hearing(s) in my absence, as my medical restrictions (i.e. no stairs) prevent me from accessing the Inmate Grievance Office on the 2nd floor of the Program Building. And my restrictions do not expire within thirty (30) calendar days.

( ) Please postpone my IGRC hearing(s) as my medical restrictions (i.e. no stairs) expire within thirty (30) calendar days.


Inmate Signature:_____     Date:_____

Attachment B (02/04)
COPY LOCALLY
AS NEEDED

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**REQUEST FOR REASONABLE ACCOMMODATION**

___ALTONA___ Correctional Facility

**Inmate's Name:** Pacheco, Andre
**DIN#:** 03A4973
**Date:** 7-22-09

### INMATE'S REQUEST

I request reasonable accommodation to participate in the following program and/or service: **To be able to access facilities w/out stairs**

I am limited in my ability to (explain disability or limitation): **Use stairs, Asthma, Epileptic Seizures, Polyneuropathy Disease of Nerves**

The accommodation requested is: **Transfer to facility w/out stairs**

(Sign and forward to the Deputy Superintendent for Program Services) **Pacheco, Andre**
Inmate's Signature

### REC'D BY DSP

(DSP Name) JH Zurlo    (Signature)    Date 7/23/09

### MEDICAL VERIFICATION

Disability: **Bilateral Sensory/Motor Polyneuropathy upper & lower Extremities with chronic pain, Numbness, weakness both legs/arms, + EMG**

Functional limitations: **Difficulty walking, unsteady gait w/ cane, difficulty Stairs climbing - Risk of fall! Would benefit w/ Flat facility c no stairs**

No medical verification is on file. Follow-up appointment scheduled? [✓] yes [ ] no

Date inmate notified of pending medical evaluation/consult: _____

**Viear Cupsi MD**    (Signature)    Date 8-4-09
(Medical staff name - title)

### REASONABLE ACCOM. DETERMINATION

The above requested reasonable accommodation has been: [ ] Approved [✓] Modified [ ] Denied

The specific accommodations approved are: **Inmate Pacheco is not to be Programmed on the 2nd floor of the Program building.**

Explanation of modification or denial: **Inmate Pacheco is not to be Programmed on the 2nd floor of Program building**

**Pacheco, Andre**    (DSP or designee signature)    Date 10/2/09
(Inmate's Signature)

### INMATE RECEIPT

[✓] I agree   [ ] I disagree   with this determination.

I understand my right to file a grievance in accordance with Directive #4040, "Inmate Grievance Program"

Signature **Pacheco, Andre**   Date **10-14-09**

Original - Guidance Folder
Copies  - Inmate, Superintendent, Medical, Parole, ADA Coordinator (Central Office)

October 9, 2009                                ALT-3531-09


Inmate Grievance Supervisor
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910

        Re: Violation of New York State Department of Corrections
           Dirctive 2614; violation of Title II (subtitle A) of
           the Americans with Disabilities Act; Nurse (name not
           known at this time) exceeding authority.

Mr. Stanley:

    I submit this grievance based on the failure of the New York State Department of Correctional Services failing to obey the Americans with Disabilities Act, Title II (subtitle A), Directive 2614 of the New York State Department of Correctional Services. I further submit that a nurse who will be identified at the hearing violated her authority by reversing the determination of outside specialist recommendation, with Dr. Qudsi's concurrence of the determination of the specialist that I am not capable of climbing stairs.

    On Monday September 28, 2009 nurse (name unknown) informed me that I am able to climb stairs, in direct opposition of Dr. Qudsi's order that I am not to use any stairs. Medical records show that I have neuropothy due to my HIV status, which is degenerative and is eventually going to require that I use a wheelchair. In fact, the specialist has recommended that I already be using a wheelchair, but I am denied at the facility.

    I submitted a properly completed Americans with Disabilities Act Request for Reasonable Accommodations Form to Acting Deputy Superintendent for Programs Zurlo. The form was submitted to the facility medical unit pursuant to Section IV-A-1-2 of Directive 2614.

    Pursuant to Directive 2614, Section IV-A-2, my request was approved by the facility health services unit and, thereafter, was approved by the Deputy Superintendent (acting) Zurlo. However, I was not notified in writing of the determination as required in Section IV-A-3 of Directive 2614. I was informed that the request was approved. Not modified nor denied.

    Directive 2614, Section V states that only requests deemed to

have been modified or denied require any further action by the New York State Department of Correctional Services. In relevant part, Directive 2614, Section V reads: "The ADA Coordinator or designee shall have the authority to initiate a review of any denied or modified requests for accommodations, or any denied grievance."

Since my request was neither modified nor denied, the ADA Coordinator does not have authority to review the matter. Once the facility deputy superintendent approves the request, the request should have been afforded to the applicant.

My requests for information regarding this matter is being either ignored, or I am given the run-around between medical and Mr. Zurlo.

ACTION REQUESTED:

I would like you to obtain the reasonable accommodations form submitted and approved and attach it to this grievance as exhibit; I would like to know what the status of my transfer to a facility without stairs is; I would like to know how a nurse is authorized to override a facility doctor's order; I would like to know when I am to be transferred.

Pacheco, Andre #03A4973
Andre Pacheco, 03-A-4973
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910



ALTONA C.F. IGRC
OCT 1 3 2009
RECEIVED

Oct-14-09

TO: Grievance Supervisor          ALT 3531-09
From: Pacheco, Andre #03A4923

RE: I signed the wrong boot.

I want to appeal the decision and the grievance. And send me a grievance appeal form. Thank you?

It went out to the grievance Supervisor on Oct-14-09 at 3:50 pm.
I will send you a copy of the C.O.R.C. Reasonable Accommodation

Pacheco, Andre
#03A4923

To my knowledge there are at least 4 Correctional facilities which have NO Stairs which would hinder my Physical Abilities and allow me to access without causing further damage. The facilities are 1. Bare Hill Correctional 2. Franklin Correctional Facility 3. Mid-Orange Correctional Facility 4. Marcy Correctional Facility which is accessable for people who are confined to wheelchairs and people who are given Medical Walkers as well as people who use canes. I will also be sending copies of my Medical Condition which should facilitate my need to be assigned to any of the above Jails listed who are suitable to the Medically Challenged.

FORM 2131E (REVERSE) (REV. 6/06)
Response of IGRC:

### A. PACHECO DIN# 03A4973 ALT-3531-09 C-13B
**UNANIMOUS DECISION:** IGRC recommends that the grievance be denied to the extent that the grievant's Reasonable Accommodation Request was modified to read that the grievant is not to be programmed on the 2nd floor of the School Building. Also, the grievant agreed with the modification and signed the form on 10/14/09.

Date Returned to Inmate: 10/28/09

IGRC Members: Sgt. S. Clark, Bryan McKelsey, B. Bratten, D. Sydney

Chairperson: J. Stanley, IGP Supv.

*Return within 7 calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I apply to the IGP Supervisor for review of dismissal

Signed: Pacheco, Aneke — Grievant      Date: 10-29-09

"My Copy"

_____ Grievance Clerk's Receipt      _____ Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____ Date

Grievance forwarded to the Superintendent for action _____ Date

*An extension to the time limit may be requested under Directive #4040, section 701.6(g).*

## STATE OF NEW YORK – DEPARTMENT OF CORRECTIONAL SERVICES
## ALTONA CORRECTIONAL FACILITY
### Health Services

### Medical Restriction

| Inmate Name: PACHECO | DIN: 03A4973 | Dorm Location: C73B |
|---|---|---|
| Start Date: 10/9/09 | Expiration Date: 4 no\[illegible\]tley | Provider: (Print) Dr Qudsi |

☐ Bedrest, Cube Confined  ☐ Bedrest, Housing Unit Confined

☐ Excused from Academic School  ☐ Excused from Vocational School

☐ Excused from Yard/Gym/Recreation  ☒ Other: No work, sports, gym, school or stairs

I have reviewed the above document and will comply with these restrictions.

_[signature]_ Inmate Signature    Date: 10/9/09    _[signature]_ Issued by: Signature    Date: 10/9/09

Check applicable boxes, line through those that do not apply.
Original – Health Records,  Yellow – Dorm Officer,  Pink – Program Committee,  Green – Inmate

FORM 2133 (REV. 6/06)

| | | | |
|---|---|---|---|
| **STATE OF NEW YORK<br>DEPARTMENT OF<br>CORRECTIONAL SERVICES**<br><br>**INMATE GRIEVANCE PROGRAM**<br><br>**SUPERINTENDENT** | GRIEVANCE NO.<br>ALT-3531-09 | | DATE FILED<br>10/13/09 |
| | FACILITY<br>Altona Correctional Facility | | POLICY DESIGNATION<br>Institutional |
| | TITLE OF GRIEVANCE<br>Medical Transfer/Reasonable Accommodations | | CLASS CODE<br>22 |
| | SUPERINTENDENT'S SIGNATURE<br>*A. Bouc[ard]* | | DATE<br>11/3/09 |
| GRIEVANT<br>Pacheco, A. | | DIN #<br>03-A-4973 | HOUSING UNIT<br>C-13-B |

Following review of the instant grievance, the findings of the investigation are accepted.

According to Acting DSP, pursuant to direction from the ADA Coordinator in Central Office, the grievant's Reasonable Accommodation Request was modified to indicate that the grievant may not be assigned to any programs that are held on the second floor of the Program building. The Acting DSP also indicated that the grievant will not be granted a medical transfer. The grievant was seen by the doctor again on 10/9/09 and was ordered no work/sports/gym/school or stairs, for an indefinite amount of time.

This grievance is denied.

My condition will never improve, in fact will get worse as time goes on. I was tricked into believing that I was going to be moved because of my restrictions. I signed that I agreed based on my belief that the committee agreed with the doctor that I should receive my request.

↑ See   APPEAL STATEMENT   above ↑

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

_Pacheco, Andre 03A4973_   Nov-3-09
GRIEVANT'S SIGNATURE   DATE

_____   _____
GRIEVANCE CLERK'S SIGNATURE   DATE